## McCormac v. Hancock.

An attachment in execution and scire facias having been served on the original defend-
ant, and the garnishee; the jury should be sworn as to the garnishee alone, on the
trial of the issue on the plea of nulla bona; for though both parties are required to be
served, the proceedings are distinct

On such an issue, the original defendant is a competent witness for the garnishee; for
they have contrary interests.

*March* 23.—McCormac having recovered judgment against Matheys
et al., issued an attachment execution against Matheys, defendant, and
Hancock as garnishee; there was a general appearance, and plea of
nulla bona by the garnishee; against whom alone, on the trial, the jury
were sworn.    Plaintiff proved an assignment to the garnishee, con-·
taining a preference for Matheys, and a balance due to him in the
hands of the garnishee under the assignment, according to the report
of the auditors.    Defendant proved by Matheys, under objection, that
the assignor had paid Matheys $400 for this claim, and received his
order for it before the attachment was levied.    Plaintiff also showed
the bankruptcy of the assignor subsequent to the purchase of the claim,
in which no notice was taken of his right under the former assignment.
The swearing the jury, the admission of the witness and the order of
Matheys for the fund, constituted the exceptions.

*Mulvany* and *Raybold*, for plaintiff.—The original defendant is a
party; he is made so by the act of 1836, sect. 36, directing service to
be on him, and that is essential, Corbin *v.* Bollman, 4 Watts & Serg.
342; Ogilby *v.* Gill, 7 Watts & Serg. 444; the act directs it to be pro-
ceeded in as in foreign attachment. [*Curiam.*—This is not a suit; it is a
judicial process.    If he appears, the proceedings must be kept sepa-
rate; the defendant can plead payment only, and the garnishee nulla
bona; their interests are contrary.]    Could the garnishee be a witness
for defendant? [*Curiam.*—Certainly.]    But they are the parties named on
the record, and then the general rule of exclusion applies.    It was said a
garnishee could not be a witness in Wood *v.* Severn, 5 Serg. & Rawle,
446.    [*Curiam.*—That was in a proceeding against him.]    But here
was a release, and after that it was a new acquisition.    [*Curiam.*—He
is not supporting the existence of his claim, but simply that another is
entitled to it.]

The court declined hearing the other side.

*March* 31.    Rogers, J.—We are of opinion that the court was
right in directing the jury to be sworn, between the plaintiffs in the
execution and the assignees of Isaac H. Miller, who were summoned

as garnishees. The only issue was, on the plea of nulla bona, to determine whether, át the time of the attachment, or any time since, they, or either of them, had in their hands or possession any money, stocks, or effects belonging to the defendants, or either of them, and what was the amount or value thereof. Although the 36th section of the act of the 16th June, 1836, directs, that it shall be the duty of the officer charged with the execution of the writ of attachment, to serve a copy of the writ upon the defendant, in the judgment, it does not follow, as is contended, that the jury shall be sworn as to him in the suit against the garnishees. This would serve no good purpose; for here the debt has been already ascertained, and the judgment rendered, on which the execution is issued. Besides, his interest is adverse to the plaintiff, and also to the garnishees; it is for his benefit to diminish the one and increase the other. To refer the cause to the same jury, would answer no other purpose than to embarrass the proceedings. If the defendant has any defence, he may appear, plead payment, and have the cause tried. But this is not a prerequisite to the trial between the plaintiff and garnishees, as has been ruled in a case not yet reported. (His honour here stated the facts of the case.) The defendants object to the competency of Mathews, because he was one of the defendants in the original judgment, served as a party, and was interested. I cannot see the force of the objection. It is true, he was one of the defendants in the original judgment, and was served with a copy of the writ according to the requirement of the act of the 16th June, 1836; but his interest is adverse to the garnishees. He is swearing against his own interest, because the greater the amount of the fund in the hands of the garnishees belonging to him, the more of his debt will be paid, and to that extent will his liability be lessened. The objection is founded in a fallacy, for, as has been already shown, he is not a party to the proceeding against the garnishee; at least, it would not be proper to include him in the trial against them, his interest being in hostility to theirs. The report of the auditor assigns the dividend to her; but that was a mistake which certainly cannot conclude the parties in interest, who are at liberty to show that it belonged to another. It may affect his credit, and as such may be used before the jury, but cannot destroy his competency. The order was properly admitted, because it strengthens the testimony of Matheys. It is proper to remark, in conclusion, that it is of no sort of consequence whether the order to Miller enure to his benefit or to the benefit of his creditors. All that we can inquire into, in this suit, is, whether Matheys was entitled to the dividend under the assignment; if he was not, which the jury have found, there is an end of this case. Judgment affirmed.